**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 20-CR-68** |
| | : | |
| **RONALD PETERSON,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) and 18 U.S.C. § 3142 (d)(1)(A)(iii) of the federal bail statute.   The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pretrial detention.

### Introduction

Ronald Peterson is a twenty-two year old male who has spent his entire adult life either incarcerated or under supervision related to his criminal convictions.   In 2014, Defendant Ronald Peterson was convicted as an adult of Robbery in the Superior Court for the District of Columbia ("D.C. Superior Court").   While still on probation for that conviction, he has been re-arrested on multiple occasions and was convicted in D.C. Superior Court for Unlawful Possession of a Firearm (November 21, 2016), Simple Assault (June 1, 2015) and Shoplifting (October 21, 2014).   The instant case now represents Defendant Ronald Peterson's second unlawful possession of a firearm offense, and again he has committed this offense while under supervision.   Defendant Ronald

1

Peterson is currently charged by Indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1).

The seriousness of the case at hand, including Defendant Ronald Peterson's flight from officers while armed with a firearm, and his commission of the offense while on supervised release weigh heavily against defendant's release during the pendency of this case. For the reasons set forth below, the government submits that the defendant should be held without bond pending trial to ensure the safety of the community and his appearance at future court hearings.

### Procedural History and Applicable Authority

At the initial appearance on March 9, 2020, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) (involving firearm or other dangerous weapon) and 18 U.S.C. § 3142 (d)(1)(A)(iii) (on probation or parole) of the federal bail statute. The Court set the matter for a detention hearing on Thursday, March 12, 2020. On March 10, 2020, a one count Indictment was returned charging Defendant Ronald Peterson with Unlawful Possession of a Firearm and Ammunition by a person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1), occurring on March 7, 2020. Arraignment is set for Thursday, March 12, 2020. By itself, an indictment establishes that probable cause and triggers the presumption. *See*, *e.g., United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) ("the indictment alone would have been enough to raise the rebuttable presumption that no condition would reasonably assure the safety of the community"). Furthermore, under the Bail Reform Act the Government may proceed by way of proffer. *Smith*, 79 F.3d at 1210.

2

There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g).   In light of the facts and circumstances in this case and the defendant's history and characteristics, the government asks that the Court conclude that there is no condition or combination of conditions that would assure the safety of the community or the defendant's appearance at future proceedings.   Therefore, Defendant Ronald Peterson should be detained. *See* 18 U.S.C. § 3142(e)(1).

## Nature and Circumstances of the Offenses Charged

On Saturday, March 7, 2020, at approximately 9:10 p.m., Officers Amengual and Anderson were on patrol in the 1100 block of 17th Street NE in Washington, D.C. when they heard the sound of gunshots nearby.    A review of the Shotspotter system, also shows that sounds of gunshots were detected by the system on March 7, 2020 at 9:10 PM emanating from or near the address of 1010 17th St. NE.    As officers entered the 1000 block of 17th Street NE, they observed a heavy set black male, later identified as Defendant Ronald Peterson, in the alley behind 1642 K St. NE walking westbound towards the officers' vehicle.   The alley connects 17th St. NE and 17th Pl. NE from east to west, and has a middle portion that runs south to north between and parallel to the two streets. As Defendant Ronald Peterson saw the officers, he immediately changed direction and started to run northbound in the portion of the alley behind 1011 17th Place NE.

Officer Anderson exited the police vehicle and pursued Defendant Ronald Peterson on foot. Officer Anderson observed Defendant Ronald Peterson hiding behind a parked vehicle in the rear

of 1019 17th Place NE.   Officer Anderson gave Defendant Ronald Peterson commands to get on the ground.   Defendant Ronald Peterson did not comply, but raised his hands and stated "I don't got nothing."   Officer Amengaul also arrived and gave commands for Defendant Ronald Peterson to get on the ground.   Defendant Ronald Peterson continued to not comply and walked out of the backyard and into the alley with his hands raised and again stated "I don't got nothing." Defendant Ronald Peterson then began to run again, screaming while running towards his home. Officers pursued, caught up to, and detained Defendant Ronald Peterson in front of 1640 L Street NE.   While on the ground, as officers worked to put him in handcuffs, Defendant Ronald Peterson spontaneously uttered repeatedly "I found it."   Officers observed an item inconsistent with human anatomy protruding from Defendant Ronald Peterson's left lower leg.   Officers then observed that Defendant Ronald Peterson was wearing a second pair of pants under his jeans, from which a firearm was recovered from Defendant Ronald Peterson's left pant leg at or around his knee. Defendant Ronald Peterson was placed under arrest.

The firearm was determined to be a Lorcin Engineering Co. Inc., model L9mm, 9 millimeter handgun with a serial number of L061826 (See Attachment A).   When it was recovered, it was loaded with one (1) round in the chamber and three (3) rounds in a thirteen (13) round capacity magazine.

A criminal history check of Defendant Ronald Peterson by officers showed that the defendant has a prior felony conviction in the Superior Court for the District of Columbia, Criminal Case No. 2016 CF2 17420 for unlawful possession of a firearm by a person previously convicted of an offense punishable by a term of imprisonment greater than one year ("Unlawful Possession of a Firearm").   The defendant was sentenced to twenty-four (24) months of incarceration for this

conviction.   Therefore, the defendant was aware that this crime is punishable by more than one year.[1]

As set forth fully above, the first factor, the nature and circumstances of the offense charged, clearly weighs in favor of detention.   Here, the defendant was illegally in possession of a loaded firearm with a large capacity magazine on a public street in a residential neighborhood. Defendant also sought to evade police while armed with the firearm, and then ignored police commands to get on the ground before again running from police officers while armed.   The nature of this offense therefore weighs in favor of detention.

### Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention.   The evidence against the defendant is quite strong.   As set forth above, law enforcement recovered the loaded firearm from Defendant Ronald Peterson's pants.   Officers were canvassing the area after hearing sounds of gunshots, which the Shotspotter system has confirmed, and saw the defendant in the same block to which the sounds of gunshots were traced. Defendant Ronald Peterson fled on two separate occasions, despite receiving multiple commands from officers to get on the ground after he initially hide behind a vehicle in the back yard of a residential property.   Defendant Ronald Peterson also spontaneously admits to being in possession of the firearm, while attempting to give an excuse for his possession of the firearm. The firearm was loaded with one (1) round of ammunition in the chamber and an additional three (3) rounds of ammunition in the large capacity magazine.

---

[1] Defendant's conviction Unlawful Possession of a Firearm is his most recent conviction before the Superior Court for the District of Columbia ("D.C. Superior Court").

Case 1:20-cr-00068-APM   Document 6   Filed 03/11/20   Page 6 of 8


## Defendant Peterson's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of detention.   While still a juvenile, Defendant Ronald Peterson was arrested for and charged as an adult for Armed Robbery (wooden stick) in D.C. Superior Court Case No. 2013 CF3 22712.   He then pled guilty to Robbery on April 7, 2014.   On June 18, 2014, he was originally sentenced to twenty-four (24) months incarceration and three (3) years' supervised release, execution of sentenced suspended as to all except time served for two (2) years' probation.   Due to his noncompliance on probation, including two misdemeanor convictions[2], Defendant Ronald Peterson was re-sentenced on June 10, 2015 to the same sentence with his probation extended to December 18, 2016.   During this extended period of probation additional violation reports were filed and two (2) separate bench warrants were issued.   While still on probation, on October 24, 2016, Defendant Ronald Peterson was arrested and charged with Unlawful Possession of a Firearm in D.C. Superior Court Case No. 2016 CF2 17420.   On November 21, 2016, Defendant Ronald Peterson's probation in D.C. Superior Court Case No. 2013 CF3 22712 was again revoked and he was re-sentenced to eighteen (18) months incarceration, execution of sentence suspended as to all but 12 months incarceration, with three (3) years supervised release and two (2) years supervised probation.   On the same date, November 21, 2016, defendant pled guilty to Unlawful Possession of a Firearm in D.C. Superior Court Case No. 2016 CF2 17420.[3]   On April 14, 2017, defendant was sentenced in D.C. Superior Court Case No. 2016 CF2 17420 to twenty-four (24) months

---

2 On October 21, 2014, defendant was convicted of Shoplifting in D.C. Superior Court Case No. 2014 CMD 17276. On June 1, 2015, defendant was convicted of Simple Assault in D.C. Superior Court Case No. 2015 CMD 6489.

3 This plea agreement dismissed two other pending misdemeanor cases, being D.C. Superior Court Case No. 2016 DVM 1772 (Threats, Destruction of Property, and Simple Assault) and D.C. Superior Court Case No. 2016 CMD 2657 (Simple Assault).

incarceration and three (3) years supervised release.[4]   Defendant was released from incarceration on November 16, 2018.   Defendant was on supervised release in both cases at the time he committed the instant offense.

Since Defendant's initial adult criminal charge and conviction, he has continued to show a disregard for the safety of the community and orders of the court.   His history is marked by consistent noncompliance, failures to appear to court, and additional arrests and convictions while on probation.   Defendant, while on supervised release in two separate cases, has now again been found with a loaded firearm in the District of Columbia.   For these reasons, this factor also weighs in favor of detention.

## Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention.   The charged offense involves the defendant's possession of a loaded firearm, despite being legally barred from such possession due to two prior convictions for crimes punishable by imprisonment for a term exceeding one year. The firearm that the defendant possessed had the potential to cause serious bodily injury (or death) to members of the community, law enforcement, or to the defendant himself.   The defendant's criminal history, history of non-compliance on supervision, and his now second offense of possession of a loaded firearm, overwhelmingly demonstrate that he is a danger to the community. The defendant was on supervised release when he committed this offense, wherein he ran from police on two separate occasions while armed with a loaded firearm.   Defendant also committed the instant offense in the area of his home and his mother's home, showing that community

---

4 Defendant Ronald Peterson's sentences in D.C. Superior Court Case Nos. 2013 CF3 22712 and 2016 CF2 17420 were ordered to run concurrent.

supervision at his place of residence is not effective enough to protect the safety of the community. This factor, as with the three prior factors, weighs in favor of the defendant being held without bond pending trial.

## Conclusion

Wherefore, the Court should grant the government's motion to detain Defendant Ronald Peterson pending trial because he has demonstrated that he is a danger to the community, as well as a risk of flight.

Respectfully submitted,

TIMOTHY J. SHEA
UNITED STATES ATTORNEY

By:     /s/ *Jeffrey Poulin*
        Jeffrey N. Poulin
        W.V. Bar No. 11437
        Assistant United States Attorney
        555 Fourth Street, N.W., Fourth Floor
        Washington, D.C. 20530
        (202) 252-2641
        Jeffrey.poulin@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Carols Vanegas, Esq., via the Electronic Case Filing (ECF) system, this 11th day of March, 2020.

        /s/
        Jeffrey N. Poulin
        Assistant United States Attorney

8