# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Criminal No. 20-CR-68 (APM)** |
| : | |
| **RONALD PETERSON,** : | |
| : | |
| **Defendant.** : | |

## CONSENT PROTECTIVE ORDER GOVERNING DISCOVERY OF BODY WORN CAMERA MATERIALS

To expedite the flow of discovery of body-worn-camera ("BWC") materials between the parties, and to adequately protect personal identifying information and other sensitive information, it is, pursuant to the Court's authority under Super. Ct. Crim. R. 16(d)(1) and with the consent of the parties, hereby ORDERED:

1. **Limitations on Use -** All BWC materials provided by the United States in preparation for, or in connection with, any stage of this case (collectively, "the BWC materials") are subject to this protective order ("the Order"). Subject to the limitations contained in this Order, these BWC materials may be used by the defendant and the legal defense team solely in connection with the defense of this case, and any appeal, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. **Legal defense team** - The legal defense team includes defense counsel (defined as counsel of record in this case, including any subsequent post-trial or appellate counsel), the defense counsel's immediate supervisor, and investigators, paralegals, or support staff members, who are working under the direction of the defense counsel. The legal defense team shall not include the defendant, the defendant's family members, or friends or known associates of the defendant.

1

3.     **Limitation on disclosure beyond the legal defense team –** Except as provided by this Order, the legal defense team shall not disclose the BWC materials or their contents directly or indirectly to any person, entity, or public forum, other than members of the legal defense team. Subject to the limitations described below, defense counsel may authorize the viewing of BWC materials by: (1) the defendant; and (2) other persons to whom this Court may authorize disclosure (collectively, "court-authorized persons").

4.     **Limitations on copying BWC materials -** The legal defense team may make copies or electronically reproduce the BWC materials as deemed necessary by defense counsel for use in connection with this case. Except as authorized in paragraph eight below, the legal defense team shall not provide a copy, screenshot, or electronic reproduction of the BWC materials to the defendant, or any court-authorized person. Except as authorized in paragraph eight below, defense counsel shall maintain BWC materials, including physical or electronic copies of BWC materials, in a secured environment that limits access to members of the legal defense team. Any copies and reproductions authorized by defense counsel shall be treated in the same manner as the original BWC materials.

5.     **Defense counsel's responsibility to limit viewing of sensitive materials**[1] - If defense counsel authorizes the defendant or a court-authorized person to view BWC materials,

---

1 *See generally,* Super. Ct. Crim. R. 49.1 (defining information that raises privacy concerns in public filings); 24 DCMR § 3902.5(a)(1)-(5) (limiting a subject's access to BWC footage that would "violate the individual privacy rights of any other subject" or "jeopardize the safety of another subject"); D.C. Code § 23-1901(b) (a crime victim has the right to: "(1) [b]e treated with fairness and with respect to the victim's dignity and privacy; (2) [b]e reasonably protected from the accused offender . . ."); 18 U.S.C. § 3771(a)(1) (a crime victim has the "right to be reasonably protected from the accused"); 18 U.S.C. § 3771(a)(8) (a crime victim has the "right to be treated with fairness and with respect for the victim's dignity and privacy").

defense counsel shall ensure that neither the defendant, nor any court-authorized persons, view or hear any portion of the BWC materials that includes information regarding a witness':

    A.    Name;

    B.    Nickname;

    C.    Date of birth;

    D.    Social security or taxpayer identification number;

    E.    Driver's license or non-driver's license identification card number;

    F.    Home, work or school address;

    G.    Telephone numbers, cellular numbers, or email addresses;

    H.    Relatives, including names and contact information;

    I.    Credit card, bank, debit, or other financial-account numbers; or

    J.    Medical or mental health history information.

6.    **Preventing duplication of BWC materials during viewings -** If defense counsel authorizes the BWC materials to be viewed by the defendant or any court-authorized person, defense counsel shall ensure that the defendant or such court-authorized person does not photograph, take screen shots, or otherwise duplicate the BWC materials.

7.    **Notification regarding this Order -** Defense counsel must provide members of the legal defense team, the defendant, and any other court-authorized person, with a copy of this Order before providing them with access to, or permitting them to view, BWC materials.

8.    **Viewing by incarcerated defendants –** If the defendant is incarcerated by the District of Columbia Department of Corrections (hereinafter "DCDOC"), defense counsel is authorized to provide a copy of the BWC materials to the DCDOC Office of General Counsel so that the defendant can view the BWC materials pursuant to DCDOC's alternative viewing

procedure. Before providing a copy of the BWC materials to DCDOC, defense counsel must ensure that the BWC materials provided to the defendant through DCDOC do not contain any sensitive information as enumerated in paragraph 5. Nothing in this Order relieves the defendant or the legal defense team of its obligation to execute a waiver, or to comply with any other requirements established by the DCDOC's Procedures for Attorney Visitation and Discovery/Surveillance Review policy.

9. **Disposition following the conclusion of this criminal case –** Following a dismissal or acquittal in this case, the defense attorney shall destroy, or return to the United States, all BWC materials. Following a conviction in this case, the defense attorney may retain a copy of the BWC materials in this case only if: (A) the defense attorney maintains the BWC materials in the defendant's case file related to this case; and (B) the defense attorney stores the BWC materials in a secure electronic or physical environment that limits access to such materials to the legal defense team for its use in this case. Nothing in this Order prevents the government from seeking a court order to further restrict the retention of BWC materials.

10. **Automatic exclusions from this Order -** The restrictions set forth in this Order do not apply to BWC materials that are, or later become, part of the public record, including materials that have been received in evidence in this or other public trials, or materials that are publicly released by the U.S. Attorney's Office or the government of the District of Columbia, including the Metropolitan Police Department. Further, the restrictions in this Order are not intended to limit the use of BWC materials in any judicial proceedings in this case, except as described below.

11. **Limited scope of this Order -** This Order does not constitute a ruling on the question of whether any particular BWC material is properly discoverable or admissible and does

not constitute a ruling on any potential objection to the admissibility or discoverability of the BWC material.

12.     **Modification -** Nothing in this Order shall be construed as a waiver or prevent any party from seeking modification of this Order, or from objecting to discovery that it believes to be otherwise improper.

       SO ORDERED this _____ day of _____, 2020.

_____
THE HONORABLE AMIT P. MEHTA
DISTRICT JUDGE, US DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA